# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>) | |
| Plaintiff,  )<br>) | Civil Action No. |
| )<br>v.  )<br>) | **C O M P L A I N T** |
| )<br>LOS AGAVES, INC.  )<br>) | **JURY TRIAL DEMAND** |
| Defendant.  )<br>) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of sex and retaliation and provide appropriate relief to aggrieved individuals who were adversely affected by such practices. As alleged with greater particularity below, Los Agaves Inc., ("Los Agaves" or "Defendant") discriminated against a group of female employees ("Aggrieved Individuals") when it subjected them to a hostile work environment and constructive discharge based on sex, and engaged in retaliation for opposing unlawful employment practices, including discharging an employee because she objected to sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Iowa.

3. Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and 706(f)(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3).

4. Defendant operates Mexican restaurants under the Los Agaves name.

5. At all relevant times, Defendant has continuously been a corporation doing business in the State of Iowa and the Davenport, in Scott County.

6. At all relevant times, Defendant has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 26J-2016-00104 was filed with the Commission alleging violations of Title VII by Defendant.

9. On July 5, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by discriminating against the Aggrieved Individuals by subjecting them to a hostile work environment and constructive discharge on the basis of sex (female), and by retaliating against individuals who opposed Defendant's unlawful employment practices.

10. The Commission invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. Defendant did not respond to the Commission's communications and did not participate in the Commission's proposed informal methods to remedy the discriminatory practices.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On August 10, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16. Since at least August 2016, Defendant has engaged in unlawful employment practices at its Davenport, Iowa, restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular:

   a) These practices included, but were not limited to, subjecting Aggrieved Individuals to harassment based on sex, including repeated physical abuse and/or unwanted sexual comments. For example, employees exposed their genitals, grabbed women's bodies in a sexual manner, attempted to kiss them, propositioned them for sex, and subjected them to lewd and offensive jokes, all of which was unwelcome. Defendant's managers also viewed pornography in the workplace with the volume turned up.

   b) Defendant was aware of the harassment because management employees of Defendant witnessed instances of the harassment.

c) Defendant was also aware of the harassment because Aggrieved Individuals repeatedly reported the harassment to Defendant's managers and owners asked them to address it.

d) Defendant unreasonably failed to prevent or remedy the harassment. Even after Defendant received reports about the harassment, Defendant did not take disciplinary or other remedial action against the harassers, and the harassment continued and, in some cases, worsened.

17. Since at least August 2016, Defendant has engaged in unlawful employment practices at its Davenport, Iowa, restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular:

a) Defendant constructively discharged Aggrieved Individuals by subjecting them to harassment because of sex, as set forth in Paragraph 16.

b) The extreme nature of the harassment, combined with Defendant's repeated refusal to address the harassment, created working conditions so intolerable that Aggrieved Individuals could not endure them.

c) For example, after one Aggrieved Individual reported harassment to one of Defendant's managers, the manager refused to address the harassment and instead threatened to report the Aggrieved Individual to immigration authorities if she made further reports of harassment.

d) Other managers also responded to reports of harassment by attempting to threaten Aggrieved Individuals into silence, rather than address sexual hostility in the workplace.

e) Defendant's response to the reports of harassment demonstrated to the Aggrieved Individuals that Defendant had no intention of addressing or preventing sexual

harassment at the restaurant, and that they could expect the harassment to continue unabated indefinitely.

    f)   As a result of these intolerable working conditions and Defendant's refusal to address them, a number of Aggrieved Individuals were compelled to leave their employment.

18.   Since at least August 2016, Defendant has engaged in unlawful employment practices at its Davenport, Iowa, restaurant, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). In particular:

    a)   As described above in Paragraph 16, a number of Aggrieved Individuals communicated with Defendant to oppose the unlawful harassment described above.

    b)   Defendant refused to address or remedy the harassment.

    c)   Instead, Defendant reacted to this protected activity by taking actions designed to retaliate against Aggrieved Individuals who engaged in protected activity. For example, a few days after one woman reported sexual harassment to one of the restaurant's owners, Defendant discharged the woman. Defendant also attempted to conceal the nature of that discharge by falsely characterizing it as a transfer to another restaurant, even though, in reality, Defendant simply ended her employment and took no steps to transfer her.

19.   The effect of the practices complained of above in Paragraphs 16 - 18 has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees because of sex and/or because of their opposition to employment practices made unlawful by Title VII.

20.   The unlawful employment practices complained of above were intentional.

21.   The unlawful employment practices complained of above were done with malice

or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex in violation of Title VII.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole the Aggrieved Individuals, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

E. Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and

inconvenience, in amounts to be determined at trial.

G. Order Defendant to pay the Aggrieved Individuals who were subjected to the unlawful practices alleged above punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H. Order Defendant to pay the Aggrieved Individuals who were subjected to the unlawful practices alleged above prejudgment interest.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated September 29, 2023

>Chris Lage
>Deputy General Counsel
>Equal Employment Opportunity Commission
>131 M Street, N.E., 5th Floor
>Washington, D.C. 20507

>Gregory Gochanour
>Regional Attorney
>EEOC Chicago District Office
>230 South Dearborn Street, Ste. 2920
>Chicago, IL 60604
>Email: gregory.gochanour@eeoc.gov

>Justin Mulaire
>Assistant Regional Attorney
>EEOC Chicago District Office
>230 South Dearborn Street, Ste. 2920
>Chicago, IL 60604

Email: justin.mulaire@eeoc.gov

Armando Fernandez
Trial Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Telephone: 312-872-9656
Email: Armando.Fernandez@eeoc.gov

Greger Calhan
Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7323
Facsimile: (612) 335-4044
Email: greger.calhan@eeoc.gov

s/ Miles Shultz
Miles Shultz
Trial Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Telephone: 312-872-9718
Email: Miles.Shultz@eeoc.gov